<pre>
UNITED STATES DISTRICT COURT
       DISTRICT OF MAINE
</pre>

| Private Capital Fund LLC | CIVIL ACTION NO: |
|---|---|
| Plaintiff | COMPLAINT |
| vs. | RE:<br>15 Drummond Street, Auburn, ME 04212 |
| Kathryn M. Begg | Mortgage:<br>April 18, 2007<br>Book 7118, Page 197 |
| Defendant | |

NOW COMES the Plaintiff, Private Capital Fund LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Kathryn M. Begg, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Private Capital Fund LLC, in which the Defendant, Kathryn M. Begg, is the obligor and the total amount owed under the terms of the Note is Two Hundred Sixty-Six Thousand Nine Hundred Eighty-Two and 57/100 ($266,982.57) Dollars, plus attorney fees and costs

associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Private Capital Fund LLC is a corporation with its principal place of business located at 4300 Stevens Creek Blvd, Suite 275, San Jose, CA 95129.

5. The Defendant, Kathryn M. Begg, is a resident of Auburn, County of Androscoggin and State of Maine.

## FACTS

6. On September 3, 2003, by virtue of a Warranty Deed from Staci L. Hollis-Larsen and Martin L. Larsen, which is recorded in the Androscoggin County Registry of Deeds in **Book 5611, Page 56**, the property situated at 15 Drummond Street, City/Town of Auburn, County of Androscoggin, and State of Maine, was conveyed to Kathryn M. Begg, being more particularly described by the attached Exhibit A;

7. On April 18, 2007, Defendant, Kathryn M. Begg, executed and delivered to First Horizon Home Loan Corporation a certain Note under seal in the amount of $168,750.00. Defendant, Kathryn M. Begg's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on April 18, 2007, Defendant, Kathryn M. Begg executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan Corporation, securing the property located at 15 Drummond Street, Auburn, ME 04212 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds in **Book 7118**, **Page 197**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certifies Series FHAMS 2007-FA4, by First Horizon Home Loans, a Division of First Tennessee Bank National Association by virtue of an Assignment of Mortgage dated September 26, 2013 and recorded in the Androscoggin County Registry of Deeds in **Book 8787**, **Page 209**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to The Bank of New York Mellon, as Trustee for First Horizon Alternative Mortgage Securities Trust 2007-FA4 by virtue of an Assignment of Mortgage dated February 2, 2015 and recorded in the Androscoggin County Registry of Deeds in **Book 9091, Page 128**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was further assigned to The Bank of New York Mellon, as Trustee for First Horizon Alternative Mortgage Securities Trust 2007-FA4 c/o Nationstar Mortgage LLC by virtue of a Quitclaim Assignment dated January 26, 2016 and recorded in the Androscoggin County Registry of Deeds in **Book 9303, Page 120**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

12. The Mortgage was then assigned to First Tennessee Bank National Association, successor Through Merger with First Horizon Home Loan Corporation by Nationstar Mortgage, LLC as Attorney in Fact by virtue of an Assignment of Mortgage dated July 30, 2018 and recorded in the Androscoggin County Registry of Deeds in **Book 9897**, **Page 24**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to First Tennessee Bank National Association, successor by Merger to First Horizon Home Loans Corporation by Nationstar Mortgage, LLC as Attorney in Fact by virtue of an Assignment of Mortgage dated July 30, 2018 and recorded in the Androscoggin County Registry of Deeds in **Book 9897**, **Page 28**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Real Estate Growth Fund, LLC by virtue of an Assignment of Mortgage dated July 30, 2018 and recorded in the Androscoggin County Registry of Deeds in **Book 9909**, **Page 3**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Private Capital Fund, LLC by virtue of an Assignment of Mortgage dated November 5, 2018 and recorded in the Androscoggin County Registry of Deeds in **Book 9997**, **Page 207**. *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was further assigned to Private Capital Fund, LLC by virtue of a Quitclaim Assignment dated September 26, 2019 and recorded in the Androscoggin County Registry of Deeds in **Book 10291**, **Page 142**. *See* Exhibit K (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

17. On March 30, 2020, the Defendant, Kathryn M. Begg, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit L (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendant, Kathryn M. Begg, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit L.

19. The Defendant, Kathryn M. Begg, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, Private Capital Fund LLC, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, Private Capital Fund LLC, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, Private Capital Fund LLC, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

23. The total debt owed under the Note and Mortgage as of March 19, 2021 is Two Hundred Sixty-Six Thousand Nine Hundred Eighty-Two and 57/100 ($266,982.57) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $155,615.05 |
| Interest | $90,084.68 |
| Late Fees | $5,662.55 |
| T & I Balance | $15,620.29 |

| | |
|---|---:|
| Grand Total | $266,982.57 |

24. Upon information and belief, the Defendant, Kathryn M. Begg, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

25. The Plaintiff, Private Capital Fund LLC, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 15 Drummond Street, Auburn, County of Androscoggin, and State of Maine. *See* Exhibit A.

27. The Plaintiff, Private Capital Fund LLC, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Private Capital Fund LLC, has the right to foreclosure and sale upon the subject property.

28. The Plaintiff, Private Capital Fund LLC, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendant, Kathryn M. Begg, is presently in default on said Mortgage and Note, having failed to make the monthly payment due March 1, 2012, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of March 19, 2021 is Two Hundred Sixty-Six Thousand Nine Hundred Eighty-Two and 57/100 ($266,982.57) Dollars, which includes:

| Description | Amount |
|---|---:|
| Principal Balance | $155,615.05 |

| | |
|---|---:|
| Interest | $90,084.68 |
| Late Fees | $5,662.55 |
| T & I Balance | $15,620.29 |
| Grand Total | $266,982.57 |

31. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendant, Kathryn M. Begg's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendant, Kathryn M. Begg's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Kathryn M. Begg, but only seeks *in rem* judgment against the property.

33. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Kathryn M. Begg, on March 30, 2020, evidenced by the Certificate of Mailing. *See* Exhibit L

34. The Defendant, Kathryn M. Begg, is not in the Military as evidenced by the attached Exhibit M.

35. As part of the Defendant's bankruptcy she represented to the Court that she would surrender the subject property and therefore is estopped from contesting this complaint of Foreclosure and Sale. *See* Exhibit N.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Private Capital Fund LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendant, Kathryn M. Begg's discharge in bankruptcy, and accordingly, this action <u>does not</u>

seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property;

b) Grant possession to the Plaintiff, Private Capital Fund LLC, upon the expiration of the period of redemption;

c) Find that the Defendant, Kathryn M. Begg, is in breach of the Note by failing to make payment due as of March 1, 2012, and all subsequent payments, however, as affected by Defendant, Kathryn M. Begg's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendant, Kathryn M. Begg, but only seeks *in rem* judgment against the property;

d) Find that the Defendant, Kathryn M. Begg, entered into a contract for a sum certain in exchange for a security interest in the subject property;

e) Find that it was the intent of the Defendant, Kathryn M. Begg, and the original lender, First Horizon Home Loan Corporation, on April 18, 2007 to create a mortgage on the property commonly known as and numbered as 15 Drummond Street, Auburn, ME 04212;

f) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

g) Find that while the Defendant, Kathryn M. Begg, have no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 15 Drummond Street, Auburn, ME 04212;

h) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Private Capital Fund LLC,
By its attorneys,

Dated:  March 31, 2021

/s/John A. Doonan, Esq.
/s/Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com