UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Private Capital Fund LLC** | CIVIL ACTION NO: 2:21-cv-00090-JDL |
| **Plaintiff** | **RESPONSE TO DEFENDANT'S MOTION FOR REFERRAL TO FORECLOSURE DIVERSION PROGRAM** |
| vs. | RE:<br>15 Drummond Street, Auburn, ME 04212 |
| **Kathryn M. Begg** | Mortgage:<br>**April 18, 2007**<br>**Book 7118, Page 197** |
| **Defendant** | |

NOW COMES the Plaintiff in this matter, Private Capital Fund LLC, and hereby responds to Defendant's Motion for Referral to Foreclosure Diversion Program filed on May 24, 2021 at ECF Document No. 10. It is Plaintiff's position that as a matter of law, reference to the state mediation program is not appropriate and completion or waiver of the state program is not an prerequisite to a judgment of foreclosure and sale in this Court.

The use of the state so-called "foreclosure diversion program" in the context of a federal foreclosure matter has been addressed by Judge Hornby in *Residential Mortgage v. Lloyd*, 15-CV-00466-DBH. In *Lloyd,* the issue was fully briefed and Judge Hornby considered voluminous affidavits including those of Laure Pearlman, Sharon Anglin Treat, Chet Randall, Esq., and Peter Hatem, Esq. Following the review of these affidavits, Judge Hornby concluded state diversion is not required in a foreclosure brought in federal court.

Further, upon information and belief, the state program utilizes out of date documentation such as a "net present value" analysis, which is no longer utilized in any federal program (such as HAMP) and has incorrect or misleading assumptions which have not been updated in years. Further,

the state program is authorized under the Maine Rules of Civil Procedure and therefore should not be imposed in this federal proceeding. *See, Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Moreover, the program has been on hold for over a year due to the pandemic and the inability to conduct the in-person mediations in state courts. To date, upon information and belief, despite the restrictions being lifted, mediations are still stalled and a reference could mean the matter would be delayed indefinitely.

      Local Rule 83.11 is clearly applicable and certainly satisfies any mediation contemplated under Maine law. The Plaintiff will agree to have the matter referred for a Judicial Settlement Conference if the defendant is willing to consent to same.

DATED: June 14, 2021

/s/Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 14th day of June, 2021, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

Kathryn M. Begg
15 Drummond Street
Auburn, ME 04212

Kathryn M. Begg
P.O. Box 3272
Auburn, ME 04212