UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PRIVATE CAPITAL FUND LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:21-cv-00090-JDL |
| | ) |
| KATHRYN M. BEGG, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO REFER CASE TO MAINE FORECLOSURE DIVERSION PROGRAM**

Defendant Kathryn M. Begg, who is not represented by counsel, has filed a motion to refer this foreclosure case to the Maine Judiciary's Foreclosure Diversion Program (ECF No. 10). The Plaintiff, Private Capital Fund LLC, opposes Begg's motion on the ground that referral to the Foreclosure Diversion Program is not required in a foreclosure case brought in federal court. For the reasons that follow, I grant Begg's motion and order the case referred.

**I.  BACKGROUND**

**1.  Procedural History**

Private Capital asserts that it is the current holder of a promissory note executed by Begg and secured by a mortgage on real property in Auburn, which Begg owns. On March 31, 2021, Private Capital filed its one-count Complaint, alleging that Begg is in default on the note and seeking a judgment of foreclosure and sale under 14 M.R.S.A. § 6322 (West 2021) (ECF No. 1). In response, Begg filed an Answer along with a motion captioned, "Request for Referral to Foreclosure Diversion

Program." ECF No. 10. In the motion, she requests that the Court "allow [her] participation in the Maine Foreclosure Diversion Mediation Program." ECF No. 10-1 at 2. Private Capital opposes Begg's motion for referral.

**2.       Foreclosure Diversion Program**

The Foreclosure Diversion Program derives from legislation passed in 2009, in the midst of a nationwide foreclosure crisis that did not spare Maine. *See HSBC Bank USA, N.A. v. Lombardo*, No. 2:19-cv-00291-NT, 2020 WL 6136213, at *1 (D. Me. Oct. 19, 2020) (chronicling the Program's history). Among other reforms, the Maine Legislature directed the Supreme Judicial Court to "adopt rules to establish a foreclosure mediation program to provide mediation in actions for foreclosure of mortgages on owner-occupied residential property with no more than 4 units that is the primary residence of the owner-occupant." 14 M.R.S.A. § 6321-A(3) (West 2021). Accordingly, the Supreme Judicial Court promulgated Maine Rule of Civil Procedure 93 ("Maine Rule 93"). *See Lombardo*, 2020 WL 6136213, at *1. Together, section 6321-A and Maine Rule 93 constitute the Foreclosure Diversion Program.

Section 6321-A(6) requires a court to refer the parties to the Foreclosure Diversion Program in any applicable foreclosure action when a defendant "requests mediation." The statute provides a number of strict guidelines for mediation through the Foreclosure Diversion Program, including that mediators must be knowledgeable in real estate and mortgage law, mortgage assistance programs, loss mitigation, and mortgage servicing regulations. *See* 14 M.R.S.A. § 6321-A(7)(A). Parties are required to mediate in good faith, *see id.* § 6321-A(12), and if mediation is not successful, the

litigation progresses on the court's regular docket, *see* Me. R. Civ. P. 93(c)(1), (5); *Lombardo*, 2020 WL 6136213, at *2.

## II. DISCUSSION

In her motion, Begg writes, "I believe I should be given the chance to save my home through [the Foreclosure Diversion Program] which I would normally [have] under Maine law had the case been filed in that venue." ECF No. 10-1 at 2. I take Begg to be asserting that participation in the Foreclosure Diversion Program is a substantive component of Maine foreclosure law, which I am required to apply under the Rules of Decision Act, 28 U.S.C.A. § 1652 (West 2021), and the Supreme Court's decision in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). In support of her request, Begg cites to a recent decision by U.S. District Judge Nancy Torresen addressing precisely the issue presented in this case. *See Lombardo*, 2020 WL 6136213. Like this matter, *Lombardo* was a foreclosure case brought in federal court on the basis of diversity jurisdiction. The defendant filed a motion requesting that the case be referred to the Foreclosure Diversion Program, arguing "that mandatory mediation in residential foreclosure cases is a substantive part of Maine law," and therefore is required in federal court under *Erie*. *Id.* at *3. The court agreed, and ordered the parties to apply for participation in the Foreclosure Diversion Program. *See id.* at *11.

Private Capital's response to Begg's motion is short—about one page of text. In it, Private Capital argues that referral to the Foreclosure Diversion Program would be inappropriate for four reasons, which I will address in turn. As I will explain,

many of Private Capital's arguments are the same as or similar to those made by the plaintiff and rejected in *Lombardo*.[1]

### 1. *Residential Mortgage Loan Trust v. Lloyd*

First, Private Capital cites to a 2016 decision in which District Judge D. Brock Hornby declined to dismiss or stay a federal foreclosure action due to the Program's existence in state court. *See Residential Mortg. Loan Tr. 2013-TT2 v. Lloyd*, 183 F. Supp. 3d 189, 190 (D. Me. 2016). Private Capital cites the decision for the proposition that participation in the Foreclosure Diversion Program "is not required in a foreclosure brought in federal court." ECF No. 11 at 1. This is, however, a mischaracterization of the ruling in *Lloyd*.

In *Lloyd*, the defendant sought dismissal of the federal foreclosure action under the abstention doctrine of *Burford v. Sun Oil Company*, 319 U.S. 315 (1943).[2] Judge Hornby declined to dismiss under *Burford*, stating that the Foreclosure Diversion Program is not a "state administrative scheme" that the federal court's exercise of jurisdiction would interfere with. *Lloyd*, 183 F. Supp. 3d at 194.

---

[1] Private Capital's response does not mention *Lombardo*, although I note that its counsel here also represented the plaintiff in that case.

[2] The Supreme Court has stated the *Burford* doctrine as follows:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1989) (quoting *Colo. River Water Cons. Dist. v. United States*, 424 U.S. 800, 814 (1976)).

The defendant in *Lloyd* had not sought *referral* to the Foreclosure Diversion Program but, rather, outright *dismissal* of the federal proceeding on the ground that Maine had "created a pretrial mediation process . . . with procedures impossible to replicate in the federal system." 183 F. Supp. 3d at 190. But just like the defendant in *Lombardo*—where the court also rejected the plaintiff's reliance on *Lloyd*—Begg does not seek dismissal of this federal case. Instead, she seeks to enforce her right to mediation through the Foreclosure Diversion Program while the case remains on this Court's docket. Referring this case to the Foreclosure Diversion Program, therefore, is not in conflict with the analysis or outcome in *Lloyd*; the decision in *Lloyd* concerned the court's jurisdiction, and it simply did not address the *Erie* question raised here.

Contrary to Private Capital's argument, the *Lloyd* decision does not control the outcome in this case.

**2.    Whether the Program Is Substantive for *Erie* Purposes**

Second, Private Capital argues that the Foreclosure Diversion Program is procedural, not substantive, for *Erie* purposes, writing that "the state program is authorized under the Maine Rules of Civil Procedure and therefore should not be imposed in this federal proceeding." ECF No. 11 at 2.

Under the *Erie* doctrine, federal courts sitting in diversity must apply state substantive law and federal procedural law. *See Godin v. Schencks*, 629 F.3d 79, 85 (1st Cir. 2010). Although the Foreclosure Diversion Program—which comprises a statute (section 6321-A) and a state rule of court procedure (Maine Rule 93)—may be procedural in a literal sense, "[r]ules which lawyers call procedural do not always

5

exhaust their effect by regulating procedure." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 555 (1949). Instead, to determine whether a state law is substantive or procedural for *Erie* purposes, the court must "apply an outcome-determination test" and ask whether disregarding the state law would "significantly affect the result of" the litigation. *Suero-Algarín v. CMT Hosp. Hima San Pablo Caguas*, 957 F.3d 30, 39 (1st Cir. 2020) (internal quotation marks omitted). This outcome-determination analysis, however, must be "guided by 'the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Id.* (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 428 (1996)).

As explained in *Lombardo*, the enactment of the Foreclosure Diversion Program during the foreclosure crisis "marked a substantive change in Maine law." 2020 WL 6136213, at *5. The Program was explicitly designed with the policy goal of reducing avoidable foreclosures by educating homeowners and encouraging communication between lenders and debtors. *See id.* at *1-2. And the reduction in the percentage of foreclosure complaints resulting in a foreclosure judgment since the Program went into effect suggests that it has accomplished that substantive aim. *See id.* at *2. Moreover, disregarding the Foreclosure Diversion Program in cases filed in federal court would undermine *Erie's* dual aims: discouraging forum-shopping and avoiding inequitable administration of the laws. As observed in *Lombardo*, the available data shows a marked shift in the filing of foreclosure cases from state to federal court in this District since the Program was enacted. *See id.* at *10. Although "multiple variables may have caused" this trend, I agree with the *Lombardo* decision that "the strong scent of forum-shopping is difficult to miss." *Id.* It is similarly clear

6

that allowing a plaintiff to avoid the application of a law that Maine enacted "with the stated goal of preventing avoidable residential foreclosures," based on "the fortuity of the citizenship of [the] lender," will lead to inequitable administration of the laws. *Id.* at *11.

Private Capital also argues that the Program's inclusion in the Maine Rules of Civil Procedure means that it must be procedural. But as courts have frequently explained, the label that a state gives to a particular rule is "immaterial" in determining whether it must be applied in a federal court sitting in diversity. *Guaranty Tr. Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945); *see also Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 152 (2d Cir. 2013) ("[The *Erie*] test looks not to the *labels* but to the *content* of state rules of decision."); *Fauber v. KEM Transp. & Equip. Co.*, 876 F.2d 327, 331 (3d Cir. 1989) ("The test of whether a rule of law is substantive or procedural for *Erie* purposes is neither its state label nor the purpose the state ascribes to it."); *Peals v. QuikTrip Corp.*, 511 F. Supp. 3d 770, 2021 WL 302547, at *6 (E.D. Tex. Jan. 6, 2021) (collecting cases).

In sum, the Foreclosure Diversion Program—established to achieve the public policy of minimizing the number of owner-occupied Maine residential properties subject to a foreclosure sale—is substantive for *Erie* purposes and must be applied in this diversity case.

### 3. District of Maine Local Rule 83.11

Next, Private Capital asserts that District of Maine Local Rule 83.11 is sufficient to satisfy any mediation requirement under Maine law.³ This argument, which was also addressed in *Lombardo*, is aimed at another facet of the *Erie* analysis: When a federal procedural rule—including a local rule—is "sufficiently broad to control the issue before the court . . . , then the federal rule must be given effect despite the existence of competing state law so long as the rule complies with the Rules Enabling Act," 28 U.S.C.A. § 2072 (West 2021). *Godin*, 629 F.3d at 86 (internal citation and quotation marks omitted).

Local Rule 83.11 governs alternative dispute resolution (ADR), and states, "Litigants are authorized and encouraged to employ . . . any available ADR process on which they can agree, including . . . mediation." The rule also creates "court-annexed ADR" by making the District's judges "available . . . to conduct early neutral evaluation and settlement conferences," which are "voluntary and nonbinding, unless the parties agree otherwise." D. Me. Local R. 83.11(c). *Lombardo* explained that, because Local Rule 83.11 "implies that judges of this District are not authorized to mandate mediation," the rule abrogates a district court's "inherent authority to order mediation." *Id.* at *9. For that reason, the court concluded, Local Rule 83.11 conflicts with Maine's mandatory mediation requirement. *Id.* I agree.

However, Local Rule 83.11's prohibition on mandatory mediation may only be given effect in this case if doing so complies with the Rules Enabling Act, which

---

³ The plaintiff in *Lombardo* also argued that Federal Rule of Civil Procedure 16 conflicts with referral to the Foreclosure Diversion Program. *See* 2020 WL 6136213, at *7. Private Capital does not make this argument here, so I do not address it.

8

prohibits federal rules from "abridg[ing], enlarg[ing] or modify[ing] any substantive right."[4]  28 U.S.C.A. § 2072.  "[W]hether a Federal Rule is valid under the Rules Enabling Act depends not on the Federal Rule alone, but also on the nature of the state rule it seeks to displace."  *Godin*, 629 F.3d at 87.  "The critical question is not 'whether the state law at issue takes the form of what is traditionally described as substantive or procedural,' but rather 'whether the state law actually is a part of a State's framework of substantive rights or remedies.'"  *Id.* (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 419 (2010) (Stevens, J., concurring)).

As I have already explained, I agree with *Lombardo's* conclusion that the Foreclosure Diversion Program, albeit procedural in name and, in part, method, is "so intertwined with [Maine's] substantive reforms to its foreclosure laws that it functions to define the scope of [a] state-created right."  2020 WL 6136213, at *10.  Mediation in residential foreclosure cases on the request of a defendant homeowner is a part of Maine's substantive law.  Accordingly, applying Local Rule 83.11 to preclude mandatory mediation in this case would exceed the capacity of a federal rule under the Rules Enabling Act.[5]

---

[4] Local rules are subject to other limits as well, *see Stern v. U.S. Dist. Court for Dist. of Mass.*, 214 F.3d 4, 13 (1st Cir. 2000), but because I conclude that Local Rule 83.11 cannot be validly applied in this case under the Rules Enabling Act, I do not address them.

[5] This does not mean, of course, that Local Rule 83.11 is facially invalid. In many—perhaps most—other applications, the Rule will not "abridge, enlarge or modify" a substantive right under Maine law. 28 U.S.C.A. § 2072.  This decision addresses only the Rule's friction with Maine's substantive foreclosure law requiring mediation through the Foreclosure Diversion Program in certain residential foreclosure cases. *Accord Lombardo*, 2020 WL 6136213, at *10.

**4.      Prejudice**

Finally, I address Private Capital's arguments that referral to the Foreclosure Diversion Program would be unduly burdensome. Specifically, Private Capital writes that the Program "has been on hold for over a year due to the [COVID-19] pandemic," and referral of this case "could mean the matter would be delayed indefinitely." ECF No. 11 at 2. Private Capital also contends that the Program is bad policy, because it "utilizes out of date documentation such as a 'net present value' analysis . . . and has incorrect or misleading assumptions which have not been updated in years." *Id.* at 1.

In keeping with the Rules of Decision Act and *Erie*, a federal court is bound to apply substantive state law regardless of that law's merits, and Private Capital does not suggest that referral to the Foreclosure Diversion Program would abridge or even conflict with its own federally-protected rights. If Private Capital believes that the Program moves too slowly or uses outdated methodologies, it should direct those objections to Maine's lawmakers and the Program's administrators.

### III.  CONCLUSION

For the foregoing reasons, Begg's Motion for Referral to Foreclosure Diversion Program (ECF No. 10) is **GRANTED**. Within fourteen days of the issuance of this order, the parties shall make good faith efforts to complete and file the notice and any other required documents necessary to initiate mediation under Maine Rule of Civil Procedure 93(c)(1). Within seven days of learning whether the case has been accepted for mediation, the parties shall file a joint status report with this Court notifying the Court whether mediation will proceed. If the case is accepted for mediation, the

parties shall participate in good faith and comply with all applicable requirements. The parties shall file a joint status report with this Court every ninety days while the mediation process remains ongoing, and they shall file a joint status report with this Court within fourteen days of the completion of the mediation process.

**SO ORDERED.**

**Dated this 5th day of August, 2021.**

                                                **/s/ JON D. LEVY**
                                     **CHIEF U.S. DISTRICT JUDGE**